UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIA GIL,

                                                   Case No. 7:22-cv-05263-KMK

                        Plaintiff,

  - against -                                        **ANSWER**

ALLY FINANCIAL INC., WELLS FARGO
BANK, N.A., TOP SPEED MOTORS LLC,
L.J. MARCHESE CHEVROLET, INC.,
and HERSHEYS AUTO, INC.,

                                   **Defendants.**
-----------------------------------------------------------------------X

        Defendants L.J. MARCHESE CHEVROLET, INC. ("Marchese"), by its attorneys, Nicholas Goodman & Associates, PLLC, Answers the Complaint filed by Plaintiff MARIA GIL ("Plaintiff"), upon information and belief, as follows:

### AS AND FOR A RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT

1. The allegations set forth in Paragraph "1" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, Marchese denies the allegations set forth therein.

2. Denies.

3. The allegations set forth in Paragraph "3" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, Marchese denies the allegations set forth therein.

### JURISDICTION AND VENUE

4. The allegations set forth in Paragraph "4" of Plaintiff's Complaint state a conclusion of law and do not require a response.

5. The allegations set forth in Paragraph "5" of Plaintiff's Complaint state a conclusion of law and do not require a response.

6. The allegations set forth in Paragraph "6" of Plaintiff's Complaint state a conclusion of law and do not require a response. To the extent they require a response, Marchese denies those allegations.

7. The allegations set forth in Paragraph "7" of Plaintiff's Complaint state a conclusion of law and do not require a response.

### THE PARTIES

8. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Complaint.

9. The allegations set forth in Paragraph "9" of Plaintiff's Complaint state a conclusion of law and do not require a response.

10. Admits only that at certain times potentially relevant herein, Top Speed operated an automobile dealership in Queens, New York, engaged in the business of purchasing and selling motor vehicles, and otherwise denies the allegations contained in Paragraph "10" of Plaintiff's Complaint.

11. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Complaint.

12. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "12" of Plaintiff's Complaint.

13. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Complaint.

14. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "14" of Plaintiff's Complaint.

15. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of Plaintiff's Complaint.

16. Admits.

17. Admits.

18. The allegations set forth in Paragraph "18" of Plaintiff's Complaint state a conclusion of law and do not require a response.

19. Paragraph "19" of Plaintiff's Complaint is an assertion of convenience that does not require a response.

20. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "20" of Plaintiff's Complaint.

21. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21" of Plaintiff's Complaint.

22. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "22" of Plaintiff's Complaint.

23. The allegations set forth in Paragraph "23" of Plaintiff's Complaint state a conclusion of law and do not require a response.

24. Denies.

25. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25" of Plaintiff's Complaint.

26. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "26" of Plaintiff's Complaint.

27. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of Plaintiff's Complaint.

28. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "28" of Plaintiff's Complaint.

29. Denies.

30. Paragraph "30" of Plaintiff's Complaint is an assertion of convenience that does not require a response.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## FACTUAL ALLEGATIONS

31. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "31" of Plaintiff's Complaint.

32. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "32" of Plaintiff's Complaint.

33. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "33" of Plaintiff's Complaint.

34. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "34" of Plaintiff's Complaint.

35. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "35" of Plaintiff's Complaint.

36. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "36" of Plaintiff's Complaint.

37. Denies.

38. Denies.

39. Denies.

40. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "40" of Plaintiff's Complaint.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of Plaintiff's Complaint.

47. Denies.

48. Admits.

49. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of Plaintiff's Complaint.

50. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "50" of Plaintiff's Complaint.

51. Admits.

52. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52" of Plaintiff's Complaint.

53. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "53" of Plaintiff's Complaint.

54. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "54" of Plaintiff's Complaint.

55. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "55" of Plaintiff's Complaint.

56. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "56" of Plaintiff's Complaint.

57. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57" of Plaintiff's Complaint.

58. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "58" of Plaintiff's Complaint.

59. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "59" of Plaintiff's Complaint.

60. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "60" of Plaintiff's Complaint.

61. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "61" of Plaintiff's Complaint.

62. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "62" of Plaintiff's Complaint.

63. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "63" of Plaintiff's Complaint.

64. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "64" of Plaintiff's Complaint.

65. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S**
**FIRST CAUSE OF ACTION**
**[Violations of TILA, 15 U.S.C. §§ 1601-1667(f)]**

66. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "65" of Plaintiff's Complaint as if fully set forth herein.

67. The allegations set forth in Paragraph "67" of Plaintiff's Complaint state a conclusion of law and do not require a response.

68. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "68" of Plaintiff's Complaint.

69. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "69" of Plaintiff's Complaint.

70. The allegations set forth in Paragraph "70" of Plaintiff's Complaint state a conclusion of law and do not require a response.

71. The allegations set forth in Paragraph "71" of Plaintiff's Complaint state a conclusion of law and do not require a response.

72. The allegations set forth in Paragraph "72" of Plaintiff's Complaint state a conclusion of law and do not require a response.

73. The allegations set forth in Paragraph "73" of Plaintiff's Complaint state a conclusion of law and do not require a response.

74. The allegations set forth in Paragraph "74" of Plaintiff's Complaint state a conclusion of law and do not require a response.

75. The allegations set forth in Paragraph "75" of Plaintiff's Complaint state a conclusion of law and do not require a response.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Denies.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

86. Denies.

**AS AN AND FOR A RESPONSE TO PLAINTIFF'S
SECOND CAUSE OF ACTION
[Violations of MVRISA, N.Y. Pers. Prop. Law §§ 301-16]**

87. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "86" of Plaintiff's Complaint as if fully set forth herein.

88. The allegations set forth in Paragraph "88" of Plaintiff's Complaint state a conclusion of law and do not require a response.

89. The allegations set forth in Paragraph "89" of Plaintiff's Complaint state a conclusion of law and do not require a response.

90. The allegations set forth in Paragraph "90" of Plaintiff's Complaint state a conclusion of law and do not require a response.

91. Denies.

92. Denies.

93. Denies.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies

**AS AND FOR A RESPONSE TO PLAINTIFF'S
THIRD CAUSE OF ACTION
[Violations of 49 U.S.C. § 32705 (Odometer Act)]**

100. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "99" of Plaintiff's Complaint as if fully set forth herein.

8

101. Marchese denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "101" of Plaintiff's Complaint.

102. The allegations set forth in Paragraph "102" of Plaintiff's Complaint state a conclusion of law and do not require a response.

103. The allegations set forth in Paragraph "103" of Plaintiff's Complaint state a conclusion of law and do not require a response.

104. Denies.

105. Denies.

106. Denies.

107. Denies.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION
[Violations of N.Y. Gen. Bus. Law § 349(h) (Deceptive Practices)]

108. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "107" of Plaintiff's Complaint as if fully set forth herein.

109. Denies.

110. Denies.

111. Denies.

112. Denies.

113. Denies.

114. Paragraph "114" of Plaintiff's Complaint does not contain an allegation and does not require a response.

115. Denies.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

120. Denies.

121. Denies.

122. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S**
**FIFTH CAUSE OF ACTION**
**[Violations of N.Y. Gen Bus. Law § 350 (False Advertising)]**

123. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "122" of Plaintiff's Complaint as if fully set forth herein.

124. Paragraph "124" of Plaintiff's Complaint merely quotes a statute and does not require a response.

125. Denies.

126. Denies.

127. Denies.

128. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S**
**SIXTH CAUSE OF ACTION**
**[Common Law Fraud]**

129. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "128" of Plaintiff's Complaint as if fully set forth herein.

130. Denies.

131. Denies.

132. Denies.

133. Denies.

134. Denies.

135. Denies.

136. Denies.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## SEVENTH CAUSE OF ACTION
### [Rescission]

137. Marchese repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "136" of Plaintiff's Complaint as if fully set forth herein.

138. Denies.

139. Denies.

140. Denies.

141. Denies.

142. Denies.

143. Denies.

## GENERAL DENIAL

144. Marchese denies each and every allegation contained in the Complaint that is not expressly admitted and further denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

145. Plaintiff's Complaint fails to state a cause of action as against Marchese upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

146. Plaintiff's causes of action are barred in whole or in part to the extent they are not pleaded with the requisite particularity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

147. Plaintiff's causes of action are barred in whole or in part by the doctrines of ratification, unclean hands, and/or consent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

148. Plaintiff's causes of action are barred in whole or in part by applicable statute of limitations and/or the doctrines of *res judicata*, collateral estoppel, waiver, estoppel, and/or laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

149. To the extent that Plaintiff suffered any damages as alleged, which Marchese denies, Plaintiff failed to mitigate her damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

150. Marchese hereby incorporates by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8.

**RESERVATION OF RIGHTS**

151. Marchese expressly reserves the right to amend and/or supplement its answer, defenses, and all other pleadings. Marchese raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Marchese has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

**DEMAND FOR JURY TRIAL**

152. Marchese hereby demands a jury trial of this action.

**WHEREFORE,** Marchese requests that this Court enter an Order denying all relief sought by Plaintiff in the Complaint and rendering judgment in favor of Marchese dismissing Plaintiff's Complaint in its entirety, with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 13, 2023

>	Yours, etc.
>	NICHOLAS GOODMAN & ASSOCIATES, PLLC
>
>	BY: _____
>	H. Nicholas Goodman
>	*Attorneys for Defendants*
>	WELLS FARGO BANK, N.A., TOP
>	SPEED MOTORS LLC, L.J. MARCHESE
>	CHEVROLET, INC. and HERSHEYS AUTO, INC.
>	333 Park Avenue South, Suite 3A
>	New York, New York 10010
>	(212) 227-9003
>	ngoodman@ngoodmanlaw.com

TO:	**Via ECF**
	Daniel A. Schlanger
	SCHLANGER LAW GROUP, LLP
	*Attorneys for Plaintiff*
	MARIA GIL
	80 Broad Street, Suite 1301
	New York, New York 10004
	(212) 500-6114
	dschlanger@consumerprotection.net