UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MARIA GIL,

                                  Case No. 7:22-cv-05263-KMK

                  Plaintiff,

  - against -                                        **ANSWER**

ALLY FINANCIAL INC., WELLS FARGO
BANK, N.A., TOP SPEED MOTORS LLC,
L.J. MARCHESE CHEVROLET, INC.,
and HERSHEYS AUTO, INC.,

                  Defendants.
--------------------------------------------------------------------X

Defendants TOP SPEED MOTORS LLC ("Top Speed"), by its attorneys, Nicholas Goodman & Associates, PLLC, Answers the Complaint filed by Plaintiff MARIA GIL ("Plaintiff"), upon information and belief, as follows:

### AS AND FOR A RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT

1. The allegations set forth in Paragraph "1" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, Top Speed denies the allegations set forth therein.

2. Denies.

3. The allegations set forth in Paragraph "3" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, Top Speed denies those allegations.

### JURISDICTION AND VENUE

4. The allegations set forth in Paragraph "4" of Plaintiff's Complaint state a conclusion of law and do not require a response.

5. The allegations set forth in Paragraph "5" of Plaintiff's Complaint state a conclusion of law and do not require a response.

6. The allegations set forth in Paragraph "6" of Plaintiff's Complaint state a conclusion of law and do not require a response. To the extent a response is required, Top Speed denies those allegations.

7. The allegations set forth in Paragraph "7" of Plaintiff's Complaint state a conclusion of law and do not require a response.

## THE PARTIES

8. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Complaint.

9. The allegations set forth in Paragraph "9" of Plaintiff's Complaint state a conclusion of law and do not require a response.

10. Admits only that at certain times potentially relevant herein, Top Speed operated an automobile dealership in Queens, New York, engaged in the business of purchasing and selling motor vehicles, and otherwise denies the allegations contained in Paragraph "10" of Plaintiff's Complaint.

11. Admits only that Top Speed is a domestic limited liability company duly organized and existing under the laws of the State of New York and otherwise denies the allegations contained in Paragraph "11" of Plaintiff's Complaint.

12. The allegations set forth in Paragraph "12" of Plaintiff's Complaint state a conclusion of law and do not require a response.

13. Admits.

14. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "14" of Plaintiff's Complaint.

15. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of Plaintiff's Complaint.

16. Admits.

17. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "17" of Plaintiff's Complaint.

18. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18" of Plaintiff's Complaint.

19. Paragraph "19" of Plaintiff's Complaint is an assertion of convenience that does not require a response.

20. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "20" of Plaintiff's Complaint.

21. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21" of Plaintiff's Complaint.

22. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "22" of Plaintiff's Complaint.

23. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "23" of Plaintiff's Complaint.

24. The allegations set forth in Paragraph "24" of Plaintiff's Complaint state a conclusions of law and do not require a response. To the extent a response is required, Top Speed denies the allegations set forth therein.

25. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25" of Plaintiff's Complaint.

26. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "26" of Plaintiff's Complaint.

27. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of Plaintiff's Complaint.

28. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "28" of Plaintiff's Complaint.

29. The allegations set forth in Paragraph "29" of Plaintiff's Complaint state a conclusion of law and do not require a response. To the extent a response is required, Top Speed denies the allegations set forth therein.

30. Paragraph "30" of Plaintiff's Complaint is an assertion of convenience that does not require a response.

**AS AND FOR A RESPONSE TO PLAINTIFF'S
FACTUAL ALLEGATIONS**

31. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "31" of Plaintiff's Complaint.

32. Denies.

33. Denies.

34. Top Speed admits only that in August 2021 an individual contacted Top Speed to inquire about the Vehicles, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "34" of Plaintiff's Complaint.

35. Admits.

36. Top Speed admits only that in August 2021 Plaintiff and an individual identified as Plaintiff's son visited Top Speed's former location and that a discussion concerning a trade-in of a Subaru vehicle ensued, but otherwise denies having knowledge or information sufficient to form a belief as to the allegation contained in Paragraph "36" of Plaintiff's Complaint.

37. Denies.

38. Denies.

39. Denies.

40. Admits.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of Plaintiff's Complaint.

47. Denies.

48. Admits.

49. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of Plaintiff's Complaint.

50. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "50" of Plaintiff's Complaint.

51. Admits.

52. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52" of Plaintiff's Complaint.

53. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "53" of Plaintiff's Complaint.

54. Top Speed denies deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "54" of Plaintiff's Complaint.

55. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "55" of Plaintiff's Complaint.

56. Admits.

57. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57" of Plaintiff's Complaint.

58. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "58" of Plaintiff's Complaint.

59. Admits.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Denies.

### AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION
### [Violations of TILA, 15 U.S.C. §§ 1601-1667(f)]

66. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "65" of Plaintiff's Complaint as if fully set forth herein.

67. The allegations set forth in Paragraph "67" of Plaintiff's Complaint state a conclusion of law and do not require a response.

68. Top Speed denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "68" of Plaintiff's Complaint.

69. The allegations set forth in Paragraph "69" of Plaintiff's Complaint state a conclusion of law and do not require a response.

70. The allegations set forth in Paragraph "70" of Plaintiff's Complaint state a conclusion of law and do not require a response.

71. The allegations set forth in Paragraph "71" of Plaintiff's Complaint state a conclusion of law and do not require a response.

72. The allegations set forth in Paragraph "72" of Plaintiff's Complaint state a conclusion of law and do not require a response.

73. The allegations set forth in Paragraph "73" of Plaintiff's Complaint state a conclusion of law and do not require a response.

74. Admits.

75. The allegations set forth in Paragraph "75" of Plaintiff's Complaint state a conclusion of law and do not require a response.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Denies.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

86. Denies.

**AS AN AND FOR A RESPONSE TO PLAINTIFF'S**
**SECOND CAUSE OF ACTION**
**[Violations of MVRISA, N.Y. Pers. Prop. Law §§ 301-16]**

87. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "86" of Plaintiff's Complaint as if fully set forth herein.

88. The allegations set forth in Paragraph "88" of Plaintiff's Complaint state a conclusion of law and do not require a response.

89. The allegations set forth in Paragraph "89" of Plaintiff's Complaint state a conclusion of law and do not require a response.

90. The allegations set forth in Paragraph "90" of Plaintiff's Complaint state a conclusion of law and do not require a response.

91. Denies.

92. Denies.

93. The allegations set forth in Paragraph "93" of Plaintiff's Complaint state conclusions of law and do not require a response. To the extent a response is required, Top Speed denies the allegations set forth therein.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S**
**THIRD CAUSE OF ACTION**
**[Violations of 49 U.S.C. § 32705 (Odometer Act)]**

100. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "99" of Plaintiff's Complaint as if fully set forth herein.

101. Admits.

102. The allegations set forth in Paragraph "102" of Plaintiff's Complaint state a conclusion of law and do not require a response.

8

103. The allegations set forth in Paragraph "103" of Plaintiff's Complaint state a conclusion of law and do not require a response.

104. Denies.

105. Denies.

106. Denies.

107. Denies.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## FOURTH CAUSE OF ACTION
### [Violations of N.Y. Gen. Bus. Law § 349(h) (Deceptive Practices)]

108. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "107" of Plaintiff's Complaint as if fully set forth herein.

109. Denies.

110. Denies.

111. Denies.

112. Denies.

113. Denies.

114. Paragraph "114" of Plaintiff's Complaint does not contain an allegation and does not require a response.

115. Denies.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

120. Denies.

121. Denies.

122. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S
<u>FIFTH CAUSE OF ACTION</u>
[Violations of N.Y. Gen Bus. Law § 350 (False Advertising)]**

123. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "122" of Plaintiff's Complaint as if fully set forth herein.

124. Paragraph "124" of Plaintiff's Complaint merely quotes a statute and does not require a response.

125. Denies.

126. Denies

127. Denies.

128. Denies.

**AS AND FOR A RESPONSE TO PLAINTIFF'S
<u>SIXTH CAUSE OF ACTION</u>
[Common Law Fraud]**

129. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "128" of Plaintiff's Complaint as if fully set forth herein.

130. Denies.

131. Denies.

132. Denies.

133. Denies.

134. Denies.

135. Denies.

136. Denies.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## SEVENTH CAUSE OF ACTION
### [Rescission]

137. Top Speed repeats and reiterates all of its responses to the allegations contained in Paragraphs "1" through "137" of Plaintiff's Complaint as if fully set forth herein.

138. Denies.

139. Denies.

140. Denies.

141. Denies.

142. Denies.

143. Denies.

## GENERAL DENIAL

144. Top Speed denies each and every allegation contained in the Complaint that is not expressly admitted and further denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

145. Plaintiff's Complaint fails to state a cause of action as against Top Speed upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

146. Plaintiff's causes of action are barred in whole or in part to the extent they are not pleaded with the requisite particularity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

147. Plaintiff's causes of action are barred in whole or in part by the doctrines of ratification, unclean hands, and/or consent.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

148. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and/or the doctrines of *res judicata*, collateral estoppel, waiver, estoppel, and/or laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

149. To the extent that Plaintiff suffered any damages as alleged, which Top Speed expressly denies, Plaintiff failed to mitigate her damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

150. Top Speed hereby incorporates by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8.

### RESERVATION OF RIGHTS

151. Top Speed expressly reserves the right to amend and/or supplement its Answer, its defenses, and all other pleadings. Top Speed raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Top Speed has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

### DEMAND FOR JURY TRIAL

152. Top Speed hereby demands a jury trial of this action.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** Top Speed requests that this Court enter an Order denying all relief sought by Plaintiff in the Complaint and rendering judgment in favor of Top Speed dismissing Plaintiff's Complaint in its entirety, with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 13, 2023

        Yours, etc.
        NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY: _____
        H. Nicholas Goodman
        *Attorneys for Defendants*
        WELLS FARGO BANK, N.A., TOP SPEED
        MOTORS LLC, L.J. MARCHESE
        CHEVROLET, INC., and HERSHEYS AUTO, INC.
        333 Park Avenue South, Suite 3A
        New York, New York 10010
        (212) 227-9003
        ngoodman@ngoodmanlaw.com

TO: **Via ECF**
Daniel A. Schlanger
SCHLANGER LAW GROUP, LLP
*Attorneys for Plaintiff*
MARIA GIL
80 Broad Street, Suite 1301
New York, New York 10004
(212) 500-6114
dschlanger@consumerprotection.net