**SCHLANGER LAW GROUP LLP**

March 29, 2023

**VIA ECF**

Hon. Kenneth M. Karas
United States District Judge
U.S. District Court - S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**      *Gil v. Ally Financial, Inc. et al*
      **Index:**    7:22-cv-05263-KMK-JCM

Your Honor:

      My firm is counsel to Plaintiff in the above-referenced action. I write at the suggestion of Magistrate McCarthy to respectfully request a stay of this matter for ninety (90) days, or such other duration as the Court deems appropriate, due to extraordinary circumstances related to the unavailability of the Plaintiff for health reasons.

      I have conferred with counsel for all Defendants, H. Nicholas Goodman, who advised that Defendants are opposed to Plaintiff's stay request and instead propose that the parties stipulate to dismissal of the Plaintiff's case without prejudice along with a tolling of the statute of limitations for a reasonable time.

      As counsel for the Plaintiff reported to Magistrate McCarthy at the March 22, 2023, hearing she conducted, we are not satisfied that taking such action would comply with our ethical responsibilities to the Plaintiff under Rule 1.2 or other Rules of the New York Rules of Professional Conduct.

      Counsel for Defendant disagrees and believes that discontinuing without prejudice under these circumstances would not prejudice Plaintiff in any way and could actually benefit her. Nonetheless, defense counsel respects Plaintiff's counsel's position and in turn requests permission to move to dismiss this action with prejudice given Plaintiff's failure to prosecute.

      Plaintiff's counsel respectfully submits that the Plaintiff is presently, upon information and belief, unable to prosecute, which is distinct from a failure to prosecute.

      Additionally, under Rule 1.2 of the New York Rules of Professional Conduct, the undersigned contends that requesting a stay of the action is the least prejudicial (or a non-prejudicial) remedy that can be sought on the Plaintiff's behalf at this juncture. However, I acknowledge that counsel for Defendant's proposal would be less prejudicial than a dismissal with prejudice, should the Plaintiff's request for a stay be denied.

**New York:**
80 Broad Street, Suite 1301
New York, NY 10004

**New Jersey:**
333 Fairview Avenue
Westwood, NJ 07675

**T.** 212.500.6114
**F.** 646.612.7996
**E.** hellenberg@consumerprotection.net

*Please use our New Jersey address for all hard copy correspondence.*

SCHLANGER LAW GROUP LLP

*Hon. Karas*
*March 29, 2023*
*2 of 2*

**Status**

The parties exchanged Rule 26 disclosures along with various discovery demands in December 2022. To date, no document discovery has been exchanged.

This matter was previously set for a Mediation on March 2, 2023. Plaintiff, considerably in advance of the mediation, informed her attorneys that she was traveling to Colombia to receive health-related in-patient treatment for a period of thirty (30) days. Counsel for Plaintiff understood that Plaintiff would return well ahead of the scheduled mediation date.

However, Plaintiff's attorneys were unable to reach her by phone or email in the weeks leading up to the mediation and it was cancelled. Since the cancelled mediation, Plaintiff's counsel has received a single email from the Plaintiff indicating that she remains in the same in-patient facility and does not have the ability to communicate. No other information concerning her location or the expected duration of her stay in Colombia was provided. Attempts by counsel to reach the Plaintiff since that time have also been unsuccessful.

We have also been unable to reach Plaintiff's son.

Accordingly, Plaintiff's counsel respectfully requests the ninety (90) day stay referred to above as the Plaintiff is understood to be presently unavailable and unable to proceed in this case for health reasons. I thank Your Honor for consideration of the requested stay.

Respectfully,

*/s/H.Cooper Ellenberg*

H. Cooper Ellenberg

cc: all counsel of record