# NICHOLAS GOODMAN & ASSOCIATES, PLLC

**333 PARK AVENUE SOUTH, SUITE 3A**
**NEW YORK, N.Y. 10010**

H. NICHOLAS GOODMAN

PATRICK L. SELVEY, JR.

(212) 227-9003

CAMILLE M. ABATE
ROBERT P. PREUSS*
OF COUNSEL

DUANA RIVERA
PARALEGAL
*ALSO ADMITTED IN NEW JERSEY

April 5, 2023

*Via ECF*
Hon. Kenneth M. Karas, U.S.D.J.
U.S. District Court, Southern District of N.Y.
300 Quarropas Street, Chambers 533
White Plains, New York 10601

   Re: **Maria Gil v. Ally Financial Inc., et al**
      Civil Action No. 7:22-cv-05263-KMK

Dear Judge Karas,

  This firm represents all named Defendants in the above referenced action. Further to your Order dated March 30. 2023, (Docket #59), and to your Individual Rules II A, on behalf of all Defendants I write to request i) that Your Honor exercise your discretion to dismiss this action pursuant to FRCP 41(b) *sua sponte,* or alternatively ii) that Your Honor schedule a Pre-Motion Conference concerning Defendants' proposed FRCP 41(b) motion to dismiss, or alternatively iii) that Your Honor simply grant Defendants permission to file a FRCP 41(b) motion.

  By way of background, Plaintiff commenced this action by filing her Complaint on June 22, 2022. After a series of extensions, on December 9, 2022, Your Honor entered a Case Management and Scheduling Order (Docket #41) calling for, *inter alia,* the completion of all depositions and all fact discovery by April 10, 2023.

  Also on December 9, this Court issued a Mediation Referral Order (Docket #43). The mediation was subsequently scheduled to take place on March 2, 2023.

  Thereafter, the parties' exchanged Initial Disclosures and initial discovery demands but did not exchange responses to those demands. By Joint Letter Motion dated February 21, 2023, all parties agreed to exchange discovery responses by February 28, and to proceed with the mediation on March 2. (Docket #54).

  Defendants were ready, willing and able to exchange discovery responses by February 28 and to attend the March 2 mediation; Defendants had in fact formulated a detailed settlement offer. However, on February 28, Plaintiff's counsel requested an adjournment of the mediation due to his client's travel out of the country and her inability to participate by Zoom. Defense counsel consented and also agreed to delay exchanging discovery responses pending Ms. Gil's ability to participate in this litigation. The assigned mediator subsequently offered several new mediation dates, but Plaintiff's counsel stated that he could not commit to a new date.

NICHOLAS GOODMAN & ASSOCIATES, PLLC

      Then on March 22 Magistrate McCarthy conducted a Status Conference in this action. Prior thereto, the undersigned suggested to Plaintiff's counsel that Ms. Gil discontinue her case without prejudice subject to reinstatement along with an agreed toll of the statute of limitations.

      Further to Plaintiff's counsel letter to Your Honor, at the March 22 conference, he represented that he had had a single recent communication with Ms. Gil, via email, stating that she was in a facility in Colombia receiving treatment for a "mental health issue with a gastro-intestinal component" and that she could not communicate further. As to discontinuing without prejudice, counsel advised that he felt he could not ethically do so without his client's consent. Counsel then requested that Magistrate McCarthy stay this action for 90 days. The Magistrate stated that she did not have the authority to do so and referred that request to Your Honor.

      At this point two weeks have passed since the March 22 conference and counsel has apparently had no further communication with Ms. Gil. Thus we, and this Court, have no more information on Plaintiff's condition, her expected course of treatment or more importantly her ability to and plans to participate in this litigation. Indeed, we do not know the name of the facility in which she is apparently residing or even the city where that facility is located.

      This Court should also be aware that an individual identified as Plaintiff's son, David Congote, was present at the dealership when the two vehicle sales transactions at issue took place. Video evidence establishes that he was actively involved in sales negotiations. He is therefore an important witness concerning the transactions at issue and of course he also may know the whereabouts and circumstances of Maria Gil. However, Plaintiff's counsel advises that despite concerted efforts he has been unable to locate and communicate with Mr. Congote.

      In short, Plaintiff has failed to prosecute this action and has provided no evidence from which this Court might determine that Plaintiff ever will prosecute it. Under the circumstances, Defendants submit that the stay Plaintiff requests would be futile and that this case warrants dismissal pursuant to FRCP 41(b).

      Finally, this Court should be aware that both vehicles that were the subjects of the transactions at issue herein were sold to Maria Gil and titled in her name, and she became and remains responsible under the financing agreements on both. Specifically, Defendant Wells Fargo Bank N.A. financed her purchase of the Nissan Murano vehicle. Plaintiff ceased payments to Wells Fargo on that account last summer and is now in serious default. Wells Fargo held off commencing repossession of the Nissan Murano given the pendency of this litigation and particularly the anticipated March 2 mediation. But Wells Fargo now intends to move forward to repossess the Nissan Murano. By this correspondence, Wells Fargo requests that Plaintiff's counsel acknowledge and consent to Wells Fargo's repossession of the Nissan Murano.

      Thank you for your consideration of this matter.

                                                                                       Very truly yours,

                                                                                       H. Nicholas Goodman

To: All Counsel of Record via ECF